UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 24-0525 JGB (SHKx) | Date July 11, 2024 |
| Title *Pathward National Association v. Dot Dot Smile, LLC, et al.* | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order to Show Cause re Dismissal for Failure to Prosecute (IN CHAMBERS)**

On March 11, 2024, Plaintiff Pathward National Association ("Plaintiff") filed a complaint against Defendants Dot Dot Smile, LLC, Jeffrey Eugene Thompson, and Nicole Deanne Thompson. ("Complaint," Dkt. No. 1.) Plaintiff served Defendant Dot Dot Smile, LLC with the summons and Complaint on March 15, 2024; Defendant Nicole Deanne Thompson on March 14, 2024; and Defendant Jeffrey Eugene Thompson on March 18, 2024—accordingly, Defendants answers were due on April 5, April 4, and April 8, 2024, respectively. (Dkt. Nos. 15–17.) To date, none of the Defendants have filed an answer to the Complaint. On April 15, 2024, Plaintiff requested the Clerk of this Court enter default against Defendants. (Dkt. Nos. 19–21.) The Clerk of this Court entered default against Defendants on April 16, 2024. (Dkt. Nos. 22–24.) To date, Plaintiff has not moved for default judgment against any of the Defendants.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute its case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because it has failed to file a motion for default judgment for nearly three months.

Accordingly, the Court, on its own motion, orders Plaintiff to file a noticed motion for default judgment or to show cause in writing as to why it has not moved for default judgment, on or before **July 19, 2024**. Failure to comply with this order may result in dismissal of the action. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**